United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| DISH Network LLC, and others, Plaintiffs, | ) | |
| v. | ) | Civil Action No. 17-20307-Civ-Scola |
| George Jacobus, Defendant. | ) | |

**Final Default Judgment and Permanent Injunction**

This cause came before the Court upon the Plaintiffs' motion for entry of final default judgment against the Defendant. (Mot., ECF No. 11). The Court has carefully reviewed the Motion and the entire court file and is otherwise fully advised in the premises.

The Plaintiffs, DISH Network LLC, EchoStar Technologies LLC, and NagraStar LLC ("the Plaintiffs"), brought this action against the Defendant George Jacobus for unlawfully circumventing the DISH Network security system and receiving copyrighted, subscription-based DISH Network satellite television programming without authorization and without payment to DISH Network. Jacobus accomplished this in part by subscribing to pirate television services known as SatLobo, and SmallIKS (collectively, the "IKS Services"). The IKS Services allowed Jacobus to illegally decrypt DISH Network's satellite signal and view copyrighted satellite television programming without authorization from DISH Network. (Compl., ECF NO. 1.)

Jacobus was properly served with a copy of the summons and complaint (ECF No. 7), but failed to file an answer, responsive pleading, or otherwise defend the lawsuit within the time allowed. DISH Network submitted evidence that Jacobus is not an infant, not an incompetent person, and not on active duty in the military or otherwise exempted under the Servicemembers' Civil Relief Act. (Mot. Ex. 1 ¶¶ 7–11, ECF No. 8.)

Accordingly, the Court **dismisses with prejudice** Counts 1 and 2 of the complaint (**ECF No. 1**). Further, it is **ordered and adjudged** that the Plaintiffs' motion for entry of final default judgment against the Defendant (**ECF No. 11**) is **granted**. Judgment is hereby entered in favor of the Plaintiffs and against Jacobus on Count 3 of the complaint as follows:

1. **Permanent Injunctive Relief:**

Jacobus and anyone acting in active concert or participation with, or at the direction or control of Jacobus are hereby **permanently enjoined** from:

a. Intercepting the Plaintiffs' satellite television transmissions without the Plaintiffs' authorization through any means including Internet Key Sharing (also known as Control Word Sharing);
b. Assisting others in intercepting the Plaintiffs' satellite television transmissions without the Plaintiffs' authorization through any means including Internet Key Sharing (also known as Control Word Sharing); and
c. Testing, analyzing, reverse engineering, manipulating or otherwise extracting codes or other technological information or data from the Plaintiffs' satellite television receivers, access cards, data stream or any other part or component of the Plaintiffs' security system or other technology used to gain access to DISH Network programming including through the use of Internet Key Sharing (also known as Control Word Sharing).
d. This Permanent Injunction takes effect immediately.

**2. Statutory damages**

The Court **awards** the Plaintiffs statutory damages in the amount of $10,000 pursuant to 18 U.S.C. §§ 2511(1)(a) and 2520.

**3.** The Court retains jurisdiction to enforce this judgment and permanent injunction.

**4.** The Clerk will **close** this case.

**Done and ordered** in chambers at Miami, Florida, on April 5, 2017.

Robert N. Scola, Jr.
United States District Judge